JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Allied World Insurance Company
199 Water Street, New York, NY 10038

**(b)** County of Residence of First Listed Plaintiff: **New York**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Kleinbard LLC, One Liberty Place, 46th Floor
1650 Market Street, Philadelphia, PA 19103
(215) 568-2000

## DEFENDANTS
Lamb McErlane, P.C.
24 E. Market Street, West Chester, PA 19382

County of Residence of First Listed Defendant: **Chester**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332

Brief description of cause:
Declaratory Judgment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE **Paul Diamond/ Timothy Rice**  DOCKET NUMBER **2:17-cv-02878**

DATE: 5/9/18

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #           AMOUNT           APPLYING IFP           JUDGE           MAG. JUDGE

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: **199 Water Street, New York, NY 10038**

Address of Defendant: **24 W. Market Street, West Chester, PA 19382**

Place of Accident, Incident or Transaction: **West Chester, Pennsylvania**
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐  No☒

Does this case involve multidistrict litigation possibilities?   Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: **2:17-cv-02878**   Judge **Paul Diamond/ Timothy Rice**   Date Terminated: **2/23/18**

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☒  No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, **Robert B. Bodzin**, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: **5/9/18**   _[signature]_   **31323**
                   Attorney-at-Law   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **5/9/18**   _[signature]_   **31323**
                   Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Allied World Insurance Company | : | CIVIL ACTION |
| v. | : | |
| Lamb McErlane, P.C. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)                                ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| | | |
|---|---|---|
| 5/9/18 | *[signature]* | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 568-2000 | (215) 568-0140 | rbodzin@kleinbard.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Allied World Insurance Company

V.

Lamb McErlane, P.C.

Civil Action
No: _____

DISCLOSURE STATEMENT FORM

Please check one box:

[✓] The nongovernmental corporate party, Allied World Insurance Company, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

[ ] The nongovernmental corporate party, _____, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

_____
_____
_____
_____

5/9/18                                   _____
Date                                         Signature

Counsel for: Allied World Insurance Company

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**

(a) WHO MUST FILE; CONTENTS. A nongovernmental corporate party must file two copies of a disclosure statement that:
  (1) identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or
  (2) states that there is no such corporation.

(b) TIME TO FILE; SUPPLEMENTAL FILING. A party must:
  (1) file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and
  (2) promptly file a supplemental statement if any required information changes.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALLIED WORLD INSURANCE COMPANY** | : | |
| | : | Civil Action |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. |
| **LAMB MCERLANE, P.C.** | : | |
| | : | |
| Defendant. | : | |

### COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Allied World Insurance Company ("Allied World"), for its Complaint against Defendant Lamb McErlane, P.C. ("Lamb McErlane"), hereby alleges as follows:

### Nature Of The Action

1. This is an action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201, and Federal Rule of Civil Procedure 57, to determine whether Allied World has a duty to defend or to indemnify Lamb McErlane and its attorneys under a professional liability policy (the "Policy") for claims against Lamb McErlane in *Villas at Bailey Springs Homeowners Association v. Baker Donelson, Raymond Burke, Lamb McErlane P.C. and Mary-Ellen H. Allen*, Y.C.C.P., Docket No. 2017-50-002004, pending in the Court of Common Pleas of York County, Pennsylvania, and appeals therefrom (the "Malpractice Action").

2. In this action, Allied World seeks a judicial declaration that the Policy does not cover claims against Lamb McErlane in the Malpractice Action. Specifically, Allied World seeks a declaratory judgment that there is no coverage because: (1) the **Insureds**[1] cannot satisfy the prior knowledge condition in the Insuring Agreement, which requires as a condition precedent to coverage that no **Insured** had a basis, before June 20, 2016, to believe that any

---

[1] Words appearing in bold are defined terms in the Policy.

**Insured** had breached a professional duty, or to foresee that any fact, circumstance, situation, transaction, event or **Wrongful Act** might reasonably be expected to be the basis of a **Claim** against any **Insured**; (2) the prior knowledge exclusion in the **Application** for the Policy bars coverage; and (3) material misrepresentations in the **Application** for the Policy bar coverage.

3. In the alternative, Allied World seeks rescission of the Policy based on material misrepresentations in the **Application**.

## Parties

4. Plaintiff Allied World is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 199 Water Street, New York, New York 10038.

5. Defendant Lamb McErlane is a law firm and professional corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business located at 24 E. Market Street, West Chester, Pennsylvania 19382.

## Jurisdiction And Venue

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. There exists a justiciable controversy capable of resolution by this Court.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. Lamb McErlane, maintains its principal place of business in this District and a substantial part of the events giving rise to the claims at issue occurred in this District.

## Factual Allegations

### A. The Underlying Action

9. At all times mentioned herein Lamb McErlane represented The Villas at Bailey Springs Homeowners Association (the "HOA") as local counsel in a lawsuit alleging defects in construction in the Court of Common Pleas of York County captioned *Villas Homeowners Association v. Cornerstone Development et al.*, Docket No. 2008-SU-3938-01 (the "HOA Action").

10. On July 28, 2015, an Order was entered in the HOA Action granting summary judgment in favor of defendants and against the HOA. In that Order, the Trial Court stated:

> The Court has carefully and studiously reviewed the record in this case. It is clear that Plaintiff has failed to produce competent and credible testimony sufficient to maintain of the claims in its Complaint. While Plaintiff has produced reports detailing the reported defects and he work done to "remediate" those defects, Plaintiff has failed to produce any competent and credible evidence to a reasonable degree of professional certainty that one or all of the Defendants caused the defects due to negligence, due to breaching the contract, due to breaching any statutory duty, due to a [breach] of any warranty, or due to a breach of any other duty.

11. On August 28, 2015, the **Insured** filed a Notice of Appeal with the Superior Court of Pennsylvania.

12. On September 4, 2015, the trial court entered an Order for Concise Statement pursuant to Pa.R.A.P. 1925(b) – which ordered the **Insured** to file a concise statement of the errors complained of on appeal within twenty-one (21) days. The Order specifically stated that any issue not properly included in the statement and timely filed and served shall be deemed waived.

13. The **Insured** advises that they did not become aware of the Order for Concise Statement until they received a subsequent order from the trial court entered on October 14, 2015

finding that they failed to file the 1925(b) Statement. In that subsequent order, the trial court advised it was unable to determine the basis for the appeal and could not provide a memorandum of opinion as a result.

14. On December 1, 2015, the Superior Court (Appellate Court) remanded back to the trial court for an evidentiary hearing to determine whether *nunc pro tunc* relief was warranted with respect to the failure to timely file the 1925(b) Statement.

15. On January 8, 2016, the trial court held an evidentiary hearing concerning notice of the Order for Concise Statement, and on January 11, 2016, the trial court issued an order confirming there was no breakdown in the process of the court and denied the **Insured's** client *nunc pro tunc* relief.

16. As a result of the trial court's denial of the *nunc pro tunc* relief, on March 18, 2016, the Appellee filed an Application to Dismiss the Appeal based on the failure to timely file the 1925(b) Statement. That Application was granted on June 1, 2016, and the appeal was dismissed. The **Insured** then filed a Motion for Reconsideration, and then later, a Petition for Certiorari with the Pennsylvania Supreme Court – both of which were subsequently denied.

17. Before June 20, 2016, one or more of the **Insureds** either had a basis to believe that any **Insured** had breached a professional duty and/or had a basis to foresee that any fact, circumstances, situation, transaction, event or **Wrongful Act** might reasonably be expected to be the basis of a **Claim** against any **Insured** in connection with the HOA Action.

18. On or about March 29, 2018, a two-count Complaint was filed in the Malpractice Action. A copy of the Complaint in the Malpractice Action is attached hereto and designated Exhibit "A".

19. Count I alleges that the **Insured** and other counsel were negligent in causing the HOA's loss in that they:

    (a)    Failed to assert claims against all entities who were responsible for the damages sustained by the [HOA];

    (b)    Failed to pursue litigation expeditiously;

    (c)    Failed to properly respond to discovery requests;

    (d)    Failed to file timely Affidavits to prevent the granting of original underlying action Defendants' summary judgment;

    (e)    Failed to respond to Judge Linebaugh's 1925 Rule;

    (f)    Failed to perfect an appeal to the Superior Court;

    (g)    Filed frivolous appeals; and

    (h)    Breached their duty to perform the duties for which they were retained with reasonable care and skill.

Complaint, at ¶ 33.

20. Count II alleges that the **Insured** and other counsel breached a contract in that they:

    a)    Failed to assert claims against all entities who were responsible for the damages sustained by the [HOA];

    b)    Failed to pursue litigation expeditiously;

    c)    Failed to handle the litigation in a careful and reasonable manner;

    d)    Failed to properly oppose original underlying action Defendants' Motion for Summary Judgment;

    e)    Failed to properly appeal the Lower Court's decision granting summary judgment; and

    f)    Breached their duty to perform services for which they were paid with reasonable care and skill.

Complaint, at ¶ 34.

21. The **Insureds** were aware of the following: (i) the trial court's October 14, 2015 order concerning the failure to timely file the 1925(b) Statement relating to the appeal of the summary judgment entered against the HOA, then the client of Lamb McErlane; (ii) the January 11, 2016 denial of *nunc pro tunc* relief in connection with the failure to timely file the Rule 1925(b) Statement; and (iii) the June 1, 2016 dismissal of the appeal based on the failure to timely file the Rule 1925(b) Statement.

22. The foregoing documents demonstrate that the prior knowledge condition in the Insuring Agreement would not be satisfied in connection with the HOA matter.

23. The **Application** for the Policy, signed on behalf of Lamb McErlane on June 14, 2016, contains a prior knowledge exclusion. The **Insureds** responded "no" to Question 11(e) on the **Application**, which inquires as follows:

> Does any attorney or non-attorney staff know of any acts, circumstances, errors or omissions that: (i) with respect to an attorney, a reasonable person engaged in the practice of law; or (ii) with respect to non-attorney staff a reasonable person employed in the legal profession; would recognize might be expected to be the basis of a professional liability claim against the law firm, its attorneys or any predecessor law firm or attorney?
>
> All such claims or incidents which may give rise to a claim must be disclosed in response to this Question regardless of whether the attorney or non-attorney staff believes that such a professional liability claim is likely to be made or would have any merit.
>
> Without limiting the rights of the Insurer, any claim arising from a matter disclosed or which should have been disclosed in response to Question 11(d) or Question 11(e) is excluded from any proposed insurance.

24. For the same reasons discussed above relating to the Prior Knowledge condition in the Insuring Agreement, the documents now available to Allied World indicate that as of June 14, 2016, the **Insureds** in fact had knowledge of acts, circumstances, errors or omissions that a

reasonable attorney would have recognized might be expected to be the basis of a professional liability claim against Lamb McErlane and/or its attorneys.

25. As a result, insofar as the Malpractice Action presents a **Claim** for a **Wrongful Act**, the exclusion in the **Application** bars coverage for the Malpractice Action.

### B. The Thouron Estate Proceedings

26. On or about June 27, 2017, Allied World filed a Complaint against Lamb McErlane captioned *Allied World Insurance Company v. Lamb McErlane, P.C.*, Case No. 2:17-cv-02878 (E.D. Pa.) (the "First Dec. Action"). A true and correct copy of the Complaint in the First Dec. Action (without exhibits) is attached hereto and designated Exhibit "B".

27. As set forth in the First Dec. Action, in its **Application**, Lamb McErlane made certain material misrepresentations and material omissions concerning its knowledge of claims or potential claims against them related to services performed in *Estate of John R.H. Thouron*, No. 1507-0230, and *Estate of John J. Thouron*, No. 1506-0305, Court of Common Pleas of Chester County, Pennsylvania, Orphans' Court Division (the "Estate Proceedings").

### C. The Allied World Policy

28. Allied World issued LPL Assure Lawyers Professional Liability Insurance Policy No. 0310-1999 (the "Policy") to Lamb McErlane for the claims made period June 20, 2016 to June 20, 2017. A copy of the Policy is attached hereto and designated Exhibit "C".

29. This was the first policy issued by Allied World to Lamb McErlane.

30. The Policy's Insuring Agreement I states, in relevant part, that Allied World will pay on behalf of an **Insured**, subject to the applicable limit of liability, all amounts in excess of the retention that an **Insured** becomes legally obligated to pay as **Damages** and **Claim Expenses** because of a **Claim** arising out of any of the following **Wrongful Acts** by an **Insured** first made

during the **Policy Period**: (A) **Legal Services Wrongful Act**. The Insuring Agreement further specifies:

> [i]t is a condition precedent to coverage under this Policy that any **Wrongful Act** upon which a **Claim** is based occurred:
>
> 1.   during the **Policy Period**; or
>
> 2.   on or after the **Retroactive Date** and prior to the **Policy Period**, provided that all of the following conditions are met:
>
> (a)   the **Insured** did not notify any prior insurer of such **Wrongful Act** or **Related Act or Omission**; and
>
> (b)   prior to the inception date of the first policy issued by the **Insurer** if continuously renewed, no **Insured** had any basis (1) to believe that any **Insured** had breached a professional duty; or (2) to foresee that any fact, circumstance, situation, transaction, event or **Wrongful Act** might reasonably be expected to be the basis of a **Claim** against any **Insured**; and
>
> (c)   there is no policy that provides insurance to the **Insured** for such liability or **Claim**.

Policy Section I.

31.   Lamb McErlane is the **Named Insured** and an **Insured** under the Policy. Other **Insureds** under the Policy include individual lawyers of the firm who were involved in the Estate Proceedings. *See* Policy Declarations Item 1, Section III(N), (T).

32.   The Policy defines **Claim** to include, in relevant part:

> (1) any written notice or demand for monetary relief or **Legal Services**, [or]
>
> (2) any civil proceeding in a court of law; . . .
>
> made to or against any **Insured** seeking to hold such **Insured** responsible for any **Wrongful Act**.

*See* Policy Section III(C).

33.   Pursuant to Policy Section V(E)(5), all **Claims** based upon or arising out of the same **Wrongful Act** or **Related Act or Omission** shall be considered a single **Claim** and shall

{01408291;v1 }                                   - 8 -

be considered first made at the time the earliest **Claim** arising out of such **Related Act or Omission** was first made.

34. **Wrongful Act includes**, in relevant part, a **Legal Services Wrongful Act**. *See* Policy Section III(HH).

35. **Legal Services Wrongful Act** includes, in relevant part, any actual or alleged act, error or omission committed by any **Insured**, solely in the performance of or failure to perform **Legal Services**. *See* Policy Section III(Q). **Legal Services** includes those services performed on behalf of the **Named Insured** for others by an **Insured**, whether or not performed for a fee or other consideration, as a licensed lawyer in good standing. *See* Policy Section III(P).

36. **Related Act or Omission** means "all acts or omissions based on, arising out of, directly or indirectly resulting from, or in any way involving the same or related facts, circumstances, situations, transactions or events or the same or related series of facts, circumstances, situations, transactions or events." *See* Policy Section III(DD).

37. **Application** means: "(a) the application, including any competitor's application, submitted to the **Insurer**, or any affiliate thereof, for this Policy or any other policy; (b) any attachments and other materials provided with any such application or incorporated into any such application; and (c) any other materials or information submitted by the **Insured** to the **Insurer** in connection with the underwriting of this Policy." *See* Policy Section III(A).

38. Policy Section V(O) states:

> By acceptance of this Policy, all **Insureds** affirm or reaffirm as of the Inception Date of this Policy that:
>
> 1. the statements in the **Application** are true and accurate and are specifically incorporated herein, and are all **Insureds'** agreements, personal representations and warranties;
>
> 2. all such communicated information shall be deemed material to the **Insurer's** issuance of this Policy;

3. this Policy is issued in reliance upon the truth and accuracy of such representations;

4. this Policy embodies all agreements existing between the **Insureds** and the **Insurer**, or any of its agents, relating to this insurance; and

5. if any representation is false or misleading, this Policy shall be void from the inception.

39. Lamb McErlane completed a form application for the Policy and signed it on June 14, 2016. The form application included representations by and on behalf of the **Insureds** about their knowledge of claims and potential claims against them, as well as representations regarding areas of practice by the firm, all of which were represented to be true as of June 20, 2016 pursuant to the Policy Section V(O). A copy of the Application is attached hereto and designated Exhibit "D".

40. Question 11(d) on the **Application** asked "Is any attorney or non-attorney staff aware of any claims against the law firm or its attorneys within the past 5 years?"

41. The **Insureds** responded to Question 11(d) by stating that there was one such claim. By way of further disclosure, they submitted a supplemental Claims Statement that referenced a claim against Lamb McErlane that was unrelated to the HOA Action or the Estate Proceedings. The Claims Statement submitted by the firm also represented: "There are no other claims, nor potential claims of which we are aware."

42. The **Insureds** responded "no" to Question 11(e) on the **Application**, which inquired as follows:

> Does any attorney or non-attorney staff know of any acts, circumstances, errors or omissions that: (i) with respect to an attorney, a reasonable person engaged in the practice of law; or (ii) with respect to non-attorney staff a reasonable person employed in the legal profession; would recognize might be expected to be the basis of a professional liability claim against the law firm, its attorneys or any predecessor law firm or attorney?

43. Question 11 in the **Application** further states:

> All such claims or incidents which may give rise to a claim must be disclosed in response to this Question regardless of whether the attorney or non-attorney staff believes that such a professional liability claim is likely to be made or would have any merit.
>
> Without limiting the rights of the Insurer, any claim arising from a matter disclosed or which should have been disclosed in response to Question 11(d) or Question 11(e) is excluded from any proposed insurance.

44. In responding to Questions 11(d) and 11(e) on the **Application**, the **Insureds** did not disclose any information concerning the HOA Action or the Estate Proceedings.

### D. Lamb McErlane's Notice Under the Allied World Policy and Demand for Coverage

45. By e-mail dated May 25, 2017, Lamb McErlane advised Allied World of a notice of circumstance relating to the **Insured's** representation of the HOA. A copy of the notice of circumstance is attached hereto as Exhibit "E".

46. After reviewing documents and pleadings concerning the HOA Action, Allied World, through its counsel, denied coverage under the Policy by letters dated June 22, 2017 and August 24, 2017, copies of which are attached hereto and designated Exhibits "F" and "G".

47. Lamb McErlane has disputed the denial of coverage as per its letter of February 13, 2018, a copy of which is attached hereto and designated Exhibit "H".

48. By letter dated May 9, 2018, Allied World, through its counsel, informed Lamb McErlane, that, among other things, it would provide a defense to the Malpractice Action subject to a full reservation of rights under the Policy and applicable law.

49. This matter is ripe for adjudication based on Lamb McErlane's demand that Allied World defend and indemnify it in connection with the Malpractice Action. In these circumstances, a judicial declaration of Allied World's duty to defend and duty to indemnify

Lamb McErlane is needed to establish the parties' respective rights and obligations under the Policy.

## COUNT I

### Request For Declaratory Judgment That Lamb McErlane Cannot Satisfy The "Prior Knowledge" Condition In The Policy's Insuring Agreement

50. Allied World incorporates by reference each of the allegations alleged above.

51. Before June 20, 2016, one or more of the Lamb McErlane attorneys who are **Insureds** under the Policy had received the Court's rulings dismissing the appeal in the HOA Action for failing to file a Statement of Issues.

52. As such, before June 20, 2016, Lamb McErlane and/or its individual attorneys who are **Insureds** under the Policy had a basis to believe that an **Insured** had breached a professional duty in connection with the HOA Action.

53. Before June 20, 2016, no objectively reasonable attorney with knowledge of the parties' filings and orders entered in the HOA Action could fail to foresee that the failure to timely file the 1925(b) statement might reasonably be expected to be the basis of a **Claim** against an **Insured.**

54. Because of the knowledge possessed by one or more of its attorneys who are **Insureds** under the Policy, Lamb McErlane cannot satisfy the express condition precedent to coverage for the Malpractice Action set forth in the Policy, Insuring Agreement Section I, that, prior to June 20, 2016, no **Insured** had a basis (1) to believe that any **Insured** had breached a professional duty, or (2) to foresee that any such **Wrongful Act** or **Related Act or Omission** might reasonably be expected to be the basis of a claim against any **Insured**.

55. Allied World respectfully requests a judicial declaration from this Court holding that it has no duty to defend Lamb McErlane in connection with the Malpractice Action, or to

pay any associated indemnity, because the **Insureds** cannot satisfy the prior knowledge condition in the Insuring Agreement.

## COUNT II

### Request For Declaratory Judgment That The Prior Knowledge of Claims or Incidents Is Precluded By The Application

56. Allied World incorporates by reference each of the allegations alleged above.

57. On or before June 20, 2016, one or more Lamb McErlane attorneys was aware of the Trial Court's Order of October 14, 2015, the January 11, 2016 denial of *nunc pro tunc* relief and the June 1, 2016 dismissal of the appeal in the HOA Action.

58. On or before June 20, 2016, one or more Lamb McErlane attorneys knew of acts, circumstances, errors or omissions that a reasonable attorney would have recognized might be expected to be the basis of a professional liability claim against Lamb McErlane and/or its attorneys.

59. As a result of the failure of Lamb McErlane to disclose the claims or incidents concerning the HOA Action in the Application, coverage for the Malpractice Action is excluded under the express terms of the Application.

60. Allied World respectfully requests a judicial declaration from this Court holding that it has no duty to defend Lamb McErlane in connection with the Malpractice Action, or to pay any associated indemnity, because the **Claim** is barred from coverage by the exclusion in Question 11 of the Application.

## COUNT III

### Rescission of Policy and Declaratory Relief

61. Allied World incorporates by reference each of the allegations alleged above.

62. The Application contained misrepresentations, omissions, concealment of facts, and/or false statements in response to the following questions:

   (a) Lamb McErlane responded to Question 11(d)—which asked, "Is any attorney or non-attorney staff aware of any claims against the law firm or its attorneys within the past 5 years?"—by stating that there was one such claim. By way of further disclosure, they submitted a supplemental Claims Statement that referenced a claim against Lamb McErlane that was unrelated to the HOA Action or the Estate Proceedings. The Claims Statement submitted by the firm also represented: "There are no other claims, nor potential claims of which we are aware."

   (b) Lamb McErlane responded "no" to Question 11(e) on the Application, which inquired as follows:

   > Does any attorney or non-attorney staff know of any acts, circumstances, errors or omissions that: (i) with respect to an attorney, a reasonable person engaged in the practice of law; or (ii) with respect to non-attorney staff a reasonable person employed in the legal profession; would recognize might be expected to be the basis of a professional liability claim against the law firm, its attorneys or any predecessor law firm or attorney?

63. In responding to Questions 11(d) and 11(e) on the Application, Lamb McErlane did not disclose any information concerning the HOA Action or the Estate Proceedings.

64. At the time Lamb McErlane submitted the Application, it knew that the responses to Questions 11(d) and 11(e) were false; Lamb McErlane was aware of claims or potential claims related to the HOA Action and/or the Estate Proceedings at the time it signed the Application.

65. Allied World relied on the misrepresentations, omissions and false statements in the Application when it issued the Policy.

66. Facts regarding claims or potential claims against Lamb McErlane were material to Allied World's decision to issue the Policy. Had the facts regarding the HOA Action and/or the Estate Proceedings been disclosed by Lamb McErlane, Allied World would not have issued the Policy (or would not have issued the Policy on the same terms and conditions).

67. As a result of the material misrepresentations, omissions, concealment of facts, and/or false statements in connection with the Application, the Court should rescind the Policy and declare that there is no coverage for any claim made against Lamb McErlane or any other **Insured** under the Policy, including without limitation the Malpractice Action.

68. Allied World tendered to Lamb McErlane all amounts paid as premiums for the Policy.

69. Rescission of the Policy would retroactively void all rights and obligations under the Policy. Consequently, Allied World would have no obligation to defend or indemnify Lamb McErlane, or any of its individual attorneys, against any claim or action, including the Malpractice Action.

## Prayer For Relief

**FOR ALL OF THE ABOVE REASONS**, Allied World respectfully requests that the Court enter a judgment in its favor as follows:

- A.  Declaring the Policy void as of its inception;

- B.  Rescinding the Policy;

- C.  Declaring that (i) Allied World has no obligation under the Policy to provide a defense to Lamb McErlane, or any of its individual attorneys, in connection with the Malpractice Action; (ii) Allied World has no obligation to pay any amounts Lamb McErlane may become liable to pay arising out of the HOA Action, including any related appeal and/or subsequent proceedings, including the Malpractice Action; and (iii) Lamb McErlane must reimburse Allied World for any defense costs advanced on its behalf by Allied World in the Malpractice Action;

- D.  Awarding Allied World attorney's fees and costs incurred in prosecuting this action; and

- E.  Such other relief as the Court deems just, necessary and proper.

Respectfully submitted,

**KLEINBARD LLC**

_____
Robert B. Bodzin, Esquire
Edward T. Butkovitz, Esquire
One Liberty Place, 46th Floor
1650 Market Street
Philadelphia, PA  19103
(215) 568-2000
*Counsel for Plaintiff*
*Allied World Insurance Company*

Dated: May 9, 2018